O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| BLUE OVAL, <br><br> Plaintiff, <br><br> v. <br><br> STRATEGIC FUNDING SOURCE, INC., ET AL., <br><br> Defendants. | Case No. SACV 11-00403-MLG <br><br> ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE |

On March 11, 2011, Plaintiff, through counsel, filed this action seeking declaratory relief regarding the repayment amount of a loan upon which Plaintiff had defaulted. Jurisdiction was based on diversity of citizenship. 28 U.S.C. § 1332(a). In accordance with the Magistrate Judge Civil Consent Pilot Project, the case was directly assigned to Magistrate Judge Marc L. Goldman.

On June 17, 2011, after no proof of service had been filed, Judge Goldman issued an order directing Plaintiff to show cause in writing, on or before July 11, 2011, why the action should not be dismissed for failure to effect service or alternatively, demonstrate

that service had been made. Plaintiff was warned that failure to respond to the order or effect service would result in dismissal of the action for failure to prosecute. Plaintiff did not respond to the order to show cause.

This action shall be dismissed for failure to effect service and failure to prosecute. Rule 4(m) of the Federal Rules of Civil Procedure provides that if service is not made within 120 days after the filing of the complaint, and the plaintiff can not show good cause why service was not made within that period, the action shall be dismissed without prejudice upon the court's own initiative with notice to the plaintiff. Here, the 120 days in which to effect service expired on July 11, 2011. Plaintiff has not shown good cause for failure to effect service nor has it asked for an extension. Notice having been given, dismissal is warranted.

In addition, the Court has the inherent power to dismiss an action based on a plaintiff's failure to diligently prosecute or comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 12.1. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Given Plaintiff's failure to serve or respond to the order to show cause, dismissal would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Defendants.

        Balancing all of these factors, dismissal of this action without prejudice for failure to prosecute is warranted.

        IT IS SO ORDERED.

Dated:     7/22/11

                                              _____ for
                                              Audrey B. Collins
                                              Chief United States District Judge

Presented By:

_____
Marc L. Goldman
United States Magistrate Judge